LOTTINGER, Judge.
This is a subrogation suit for damages paid under a homeowners insurance policy. The petitioner-appellee is Liberty Mutual Insurance Company and defendant-appellant is E. A. McCarty. The Lower Court awarded a judgment in favor of petitioner and against defendant in the sum of $350.-00 together with interest thereon at the rate of 5% per annum from date of judicial demand until paid, defendant to pay all costs. The defendant has filed this appeal and the petitioner has answered the appeal seeking an increase in quantum.
On September 22, 1967, Delores McCarty, the unemancipated fourteen (14) year old daughter of E. A. McCarty, was visiting at the home of Mrs. Bollinger, also known as Tassin. Mrs. Bollinger on the date in question resided with her family at Route 2, Hoo Shoo Too Road, Baton Rouge, Louisiana. Delores McCarty resided with her parents, Mr. and Mrs. E. A. McCarty at 9322 Gail Dr. in Baton Rouge, Louisiana.
On September 22, 1967, Mrs. Bollinger gave her car keys to Johnny McKeller and asked that he back the car out of her carport and clean it up. After the car was washed and cleaned, Delores McCarty, over the objection of Johnny McKeller started the car and attempted to drive it back under the carport. While attempting this maneuver, Delores, who had no driver’s license and who admittedly had never driven before, struck the rear wall of the carport causing damage to the exterior wall of the carport, interior wall of the bathroom, and the tile and other fixtures in the bathroom of the Bollinger house.
The Liberty Mutual Insurance Company was the insurer of the Bollinger’s home pursuant to a policy of homeowners insurance. Following the accident and resulting damage, Liberty Mutual Insurance Company paid Mrs. Bollinger the sum of $577.68. Contemporaneously with the above described payment, Mrs. Bollinger executed a conventional subrogation agreement and receipt in favor of Liberty Mutual Insurance Company.
In due course, Liberty Mutual Insurance Company instituted this suit for the collection of the amount paid to its insured. Judgment was rendered in petitioner’s favor, and from that judgment, appellant perfected a devolutive appeal.
Appellant conceded that the Trial Court ruled correctly when it found that Delores McCarty was negligent in attempting to operate a vehicle which she admittedly did not know how to drive. Appellant further conceded that the law is clear that E. A. McCarty is liable for the negligent acts of his minor daughter.
Appellant believes the Trial Court erred in failing to find Mrs. Bollinger negligent because she left her automobile in the care .of Johnny McKeller, who was 16 years of age with other minors present and no adult supervision.
The facts show that the keys were given to Johnny McKeller with specific instructions to back the car out of the driveway, wash and clean the car, then put it back under the carport.
With regard to the maturity of Johnny McKeller, we quote the oral reasons for judgment of the Lower Court.
“The Court is not able to know precisely how responsible Mr. McKeller was four years ago. The court is impressed today that he is a responsible young man and I have only to attempt to turn back four years of time. Mrs. Tassin had confidence in him at that time, and I don’t see anything in the record that would have caused her not to have confidence *551 in him. There is nothing in this evidence to show that he had a bad driving record or that he had been irresponsible to Mrs. Tassin’s knowledge. The test is just what knowledge Mrs. Tassin had at the moment she left her car in charge of Mr. McKeller. The court doesn’t feel that her actions were so different from what the average person would have done that they amount to negligence on the part of Mrs. Tassin.”
We do not believe the Lower Court to be in error in failing to find Mrs. Bollinger negligent under these circumstances.
The appellant believes the Trial Court erred in failing to find negligence on the part of Johnny McKeller and in failing to consider and rule that his negligence was the proximate cause of the accident and imputable to Mrs. Bollinger.
We find that the record substantiates the fact that Johnny McKeller verbally argued very strenuously with Delores McCarty in an attempt to persuade her not to drive the Bollinger vehicle. The thrust of appellant’s argument is that Johnny McKeller should have attempted to physically remove Delores McCarty from the vehicle or wrestle the keys from the ignition when she let it be known she wanted to return the car to the carport after the clean-up job had been completed. Johnny McKeller testified that he did not do one of the latter because he was a gentleman, apparently meaning that he did not think it proper to use physical force on Delores McCarty. He further testified that he might have done so had he known her better, apparently meaning that she was a stranger to him, and he did not really know how far he should go. It is also to be considered that physical force may have led to someone getting hurt. Under these circumstances, we do not believe that the Trial Court erred in failing to find Johnny McKeller negligent. Upon finding him free of negligence, it is not necessary to consider whether his negligence is imputable to Mrs. Bollinger.
Finally, appellant believes that the evidence was insufficient to support a finding of damages to the Bollinger home in the amount of $350.00. Appellee answered the appeal seeking an increase in quantum from $350.00 to $577.68.
We find in the Pre-Trial Order of the Lower Court under the heading, “Established Facts,” the statement that, “The Bollinger home was damaged in the sum of Five Hundred Seventy-seven and 6§ioo ($577.68) Dollars.” This Pre-Trial Order is signed by counsel for both plaintiff and defendant.
We also want to quote counsel for petitioner and the Trial Judge at the commencement of the trial.
Mr. Pharis “. . . I’d like to offer the statement from Mr. J. A. Johns, showing the amount of property damage, at this time.”
THE COURT: “All right. As the Court appreciates the status of that statement in the pretrial order, the authenticity of same is being stipulated to and if Mr. Johns were here and called as a witness he would testify that he made an estimate in conformity with that statement, but defendant’s counsel does not stipulate as to the necessity for the work having been done.”
The estimate of Mr. Johns specifically listed the items to be repaired. It included the following:
“(1) Repair carport wall exterior;
(2) Repair bathroom wall;
(3) Repair ceramic tile;
(4) Repair or Replace comode;
(5) Repair carport wall and interior of Bath.
$577.68
Note: Damages was caused by car running into carport wall.”
*552 Mr. Johns’ estímate is a detailed descriptive list of the items which were damaged and needed repair. His estimate also includes the price he would have charged had he done the repairs. It is also important to note that he specifically states that the damage was caused by a car running into the carport wall.
Of course, Mr. Johns was not present at the time Delores McCarty ran into the Bollinger house, but the fact that this did happen and that the itemized repairs were necessary was corroborated by the testimony of the other witnesses who were present at the time of the accident and by Mrs. Bollinger who was able to testify as to the condition of the bathroom both prior to and soon after the accident.
In oral reasons for judgment the Trial Judge stated:
“I don’t feel like this Court is bound by the estimate by Mr. Johns. 1 feel like that is what he thought the damage was. I don’t have a lot more to go on, frankly, in trying to assess the damages. I’m going to give this estimate some weight in the case because it is testimony by joint stipulation of the man who went there and surveyed it and said what he would charge to fix it. There is no evidence that it was done competitively because there is no other estimate in the record. The Court does take cognizance of the fact that most people who do estimates and bid on this type of work at least must assume that they would have some competition from other people who are going to be asked to do the same thing. It leaves this Court in an unfortunate position of having to attempt to assess damages on something that the Court has not had an opportunity to look at or see. I do think some damage occurred and T think it occurred in the bathroom in addition to the wall. 1 think the testimony is clear from those who were there on that day that the toilet was unseated, in a manner of speaking, the tile was missing, the wall had to be repaired inside and out. The Court feels that had this matter been pursued, and taking into account all the testimony here today, that this plaintiff could have had this damage repaired for the amount of $350.00.”
The above indicates that the Trial Judge disregarded the estimate of Mr. Johns which was the only such evidence as to the amount of damage, and he awarded a sum which he felt would pay for the necessary repairs. It would appear to be an impossibility for him to arrive at any cost to repair the damages which were described by the witnesses. His finding of the amount of damages is not supported by the evidence. In this respect we find the Lower Court in error. The judgment in favor of petitioner is amended and raised to the sum of $577.68, and as amended, the judgment is affirmed. All costs of this appeal are assessed against defendant-appellant.
Judgment amended, and as amended, affirmed.